**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VERNON ART TIGER, ) | |
| ) | |
| Petitioner, ) | **Case No. 2:05-cv-01474-PMP-GWF** |
| ) | |
| vs ) | |
| ) | <u>ORDER</u> |
| DONALD L. HELLING, et al., ) | |
| ) | |
| Respondents. ) | |

Before the court are Respondents' Motion to Dismiss (Docket #10), Petitioner's Motion for Enlargement of Time (Docket #21) and Response to Motion to Dismiss (Docket #22). Petitioner has also submitted requests for an update on the status of his petition (Docket ## 23, 24).

**I.   Background**

This case has an unusual procedural history. On August 18, 1983 Petitioner was convicted after a jury trial of First Degree Murder, Burglary and Robbery with use of a deadly weapon, and Attempted Sexual Assault. On August 31, 1983 his attorney filed a notice of appeal, but apparently never followed up on the appeal. In June, 1984, the Nevada Supreme Court dismissed the appeal as abandoned. Petitioner did nothing until approximately January, 1993 when he apparently tried to file another direct appeal. He was notified by the Nevada

1  Supreme Court that his appeal had long ago been dismissed, and he was advised to file a post-
2  conviction petition if he wished to pursue the matter further.

3  Petitioner thereafter filed a state post-conviction petition in May, 1993. The state
4  moved to dismiss the petition as untimely and raised the defense of laches.  Ultimately,
5  following numerous other motions and hearings, the state District Court denied the motion to
6  dismiss and appointed Petitioner with counsel to assist with his petition.  Counsel was
7  appointed, and in May, 1995 the state conceded that Petitioner's appellate counsel had been
8  ineffective and suggested that the remedy was to permit Petitioner to raise his direct appeal
9  claims in his post-conviction petition.  On October 30, 1995 Petitioner filed a supplement to
10 his petition and the matter was set for an evidentiary hearing.  The evidentiary hearing was
11 taken off calendar and nothing else happened in the case until September, 1997 when
12 Petitioner inquired about the status of his petition.  In April, 1998 Petitioner moved to set a
13 new evidentiary hearing.  Various status hearings were held, and ultimately Petitioner was
14 appointed his third different attorney in May, 1999.

15 Petitioner's new counsel filed a motion in the Nevada Supreme Court to recall its
16 remittitur in the direct appeal, but the Supreme Court denied that motion on March 29, 2000.
17 On September 1, 2000 Petitioner filed yet another supplemental post-conviction petition. The
18 state opposed the petition on the grounds that it was time-barred and again invoked the
19 defense of laches.  On July 2, 2001 the court heard arguments on the petition and took the
20 matter under advisement.  On November 21, 2002 the state District Court granted Petitioner's
21 post-conviction petition and granted him a new trial.

22 On May 21, 2003 the state appealed the District Court's decision to grant
23 Petitioner's post-conviction petition. On June 17, 2005 the Nevada Supreme Court found that
24 the petition was procedurally barred as untimely and should have been dismissed on that basis.
25 Specifically, the Supreme Court found that Petitioner had failed to show cause and prejudice
26 or a fundamental miscarriage of justice sufficient to overcome the default as to his claims of

1) ineffective assistance of trial and appellate counsel; 2) the unconstitutionality of the reasonable doubt instruction; 3) the suggestiveness of the circumstances surrounding the victim's identification of Petitioner; 4) the adequacy of the charging document; 5) the propriety of jury instructions; 6) prosecutorial misconduct during closing arguments; and 7) cumulative error. The Court also affirmed the District Court's denial of Petitioner's other claims.

**II.    Analysis**

Respondents' motion to dismiss argues that Grounds 1, 3 and 5-11 are all procedurally defaulted. The issue before this court is the same issue presented to the Nevada Supreme Court; whether Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice sufficient to overcome the procedural default. There is no question that Petitioner's state post-conviction petition was untimely. He waited nearly 9 years before he even attempted to inquire about the status of his direct appeal.

In order for a court to review a federal habeas claim, that claim must be exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). A claim is procedurally barred, and a petitioner is not entitled to federal habeas relief if the decision of the state court rested on an independent and adequate state law ground. *Coleman v. Thompson,* 501 U.S. 722, 730-31 (1991). The Ninth Circuit has held that NRS 34.810(2), which bars claims that could have been raised in a prior petition, is an independent and adequate state law ground. *See Bargas v. Burns,* 179 F.3d 1207, 1210-12 (9th Cir.1999) ("Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default."), cert. denied, 529 U.S. 1073, 120 S.Ct. 1686, 146 L.Ed.2d 493 (2000). Nevada's one-year limitations period for presenting post-conviction claims has also been held to be an adequate and independent state law ground. *Loveland v. Hatcher,* 231 F.3d 640, 642 (9th Cir. 2000). A petitioner may be excused from procedural default, however, if he can show cause for the default, and prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental

miscarriage of justice. *High v. Ignacio,* 408 F.3d 585, 590 (9th Cir. 2005); *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). A demonstration of cause turns on whether Petitioner can show that some objective factor external to the defense impeded his efforts to comply with the State's procedural rule. *Id., See Pizzuto v. Arave*, 280 F.3d 949, 975 (9th Cir. 2002) *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In circumstances where a petitioner is claiming he relied on his counsel to properly pursue an appeal, a petitioner can show sufficient cause to excuse a procedural default if he can demonstrate that 1) he actually believed his counsel was pursuing his direct appeal; 2) that belief was objectively reasonable; and 3) he filed his state post-conviction petition with a reasonable time after he should have known counsel was not pursuing his direct appeal. *Loveland v. Hatcher,* 231 F.3d 640, 644 (9th Cir. 2000). The Nevada Supreme Court determined that while it might have been reasonable to believe his appeal was still pending during the first few years after his conviction, the delay of nearly 9 years was too much to be considered objectively reasonable.

In his opposition, Petitioner focuses on the errors and delays that followed the filing of his state post-conviction petition in 1993. Although he briefly mentions that it was his trial counsel's fault for not pursuing the appeal back in 1984, he makes no attempt to explain why he waited 9 years to inquire about the appeal. Instead, he points out that after he filed the post-conviction petition, delays by his attorney and the courts were not his fault. Petitioner makes no attempt to argue that he reasonably believed his appeal was still pending for the 9 years between 1984 and 1993.

Petitioner also briefly argues that his procedural default should be excused under the miscarriage of justice exception because he is actually innocent. *Murray v. Carrier,* 477 U.S. 478, 496 (1986). In order to successfully invoke the miscarriage of justice exception, however, a petitioner must show that in light of all the evidence, including new evidence, "it

4

is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Carriger v. Stewart,* 132 F.3d 463, 478 (9th Cir. 1997), *citing Schlup v. Delo,* 513 U.s. 298, 327 (1995). Other than a broad assertion that he "maintains his innocence" Petitioner has offered no evidence demonstrating that he is actually innocent of the charges.

Petitioner has not offered any reasons why he waited nearly 9 years to inquire about his direct state court appeal. He has not demonstrated cause for his failure to file a timely state post-conviction petition. Furthermore, he has not demonstrated actual innocence sufficient to make use of the miscarriage of justice exception. Petitioner has now had two opportunities to explain the 9 year delay, once in state court and now in response to Respondents' motion, and he has failed to do so on both occasions. While it appears that Petitioner believed his attorney was pursuing his appeal immediately following his conviction, he has failed to demonstrate that his belief that the appeal was pending for nine years without resolution was objectively reasonable. Additionally, Petitioner has failed to demonstrate that he filed his state post-conviction petition within a reasonable time after he *should have known* his appeal was not being pursued. As a result, Grounds 1, 3, and 5-11 are procedurally defaulted and will be dismissed.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (Docket #10) is **GRANTED**. Grounds 1, 3, and 5-11 of Petitioner's Petition for Writ of Habeas Corpus (Docket #1) are **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Enlargement of Time (Docket #21) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions and requests for status check (Docket ## 23, 24) are **DENIED** as moot. This order will serve to inform Petitioner of the status of his petition.

**IT IS FURTHER ORDERED** that Respondents shall have thirty (30) days from the date this order is entered in which to answer the remainder of Petitioner's federal habeas

1  claims.  Petitioner shall have thirty (30) days from the date he is served with Respondents'
2  answer in which to reply.

4  DATED:  June 27, 2007.

                                                PHILIP M. PRO
                                                United States District Judge